## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

| | | |
|---|---|---|
| Michelle Aguilar, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | C.A. No.3:09-CV-00406 |
| | ) | |
| Hubbell Lenoir City, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant, Hubbell Lenoir City, Inc. ("Defendant") makes this Answer to the Complaint filed by plaintiff, responding to the allegations therein paragraph by paragraph and setting forth counterclaims.

## FOR A FIRST DEFENSE

1.      In response to the allegations contained in Paragraph 1 of the Complaint, Defendant admits on information and belief that plaintiff is a citizen and resident of Edgewood, New Mexico.  Defendant also admits that it is a corporation conducting business in Lenoir City, Loudon County, Tennessee.

2.      In response to the allegations contained in Paragraph 2 of the Complaint, Defendant admits only that plaintiff was hired June 2, 2008 as the Human Resource Director in the Lenoir City, Tennessee office.  Plaintiff was informed October 1, 2008, that her employment would be terminated and that she was being given the rest of the month of October to look for other employment.  Plaintiff's employment ended effective October 31, 2008.  Each and every allegation remaining in Paragraph 2 of the Complaint is denied.

3.      Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

5. In response to the allegations contained in Paragraph 5 of the Complaint, Defendant denies plaintiff is entitled to any relief whatsoever or that she has been wronged by Defendant. Each and every allegation remaining in Paragraph 5 of the Complaint is denied.

6. In response to the allegations contained in Paragraph 6 of the Complaint, Defendant denies plaintiff is entitled to any relief whatsoever or that she has been wronged by Defendant. Each and every allegation remaining in Paragraph 6 of the Complaint is denied.

7. In response to the allegations contained in Paragraph 7 of the Complaint, Defendant denies plaintiff is entitled to any relief whatsoever or that she has been wronged by Defendant. Each and every allegation remaining in Paragraph 7 of the Complaint is denied.

8. In response to the allegations contained in the "WHEREFORE" section of the Complaint, Defendant denies that plaintiff is entitled to any relief requested, including the requests in paragraphs numbered 1-4.

9. Defendant denies any allegations in the Complaint that have not herein been admitted, denied, answered on information and belief.

## FOR A SECOND DEFENSE

10. Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## FOR A THIRD DEFENSE

11. Defendant pleads the doctrines of mitigation of damages and/or avoidable consequences as to limit any potential recovery under the allegations of the Complaint.

## FOR A FOURTH DEEFNSE

12. Some or all of the relief requested is precluded by the Workers' Compensation Act.

13.     At all times during her employment with Defendant, plaintiff was an at-will employee.

## FOR A FIFTH DEEFNSE

14.     Some or all of the relief sought by plaintiff in the Complaint is barred by the appropriate statute of limitations.

## FOR A SIXTH DEFENSE

15.     Some or all of the relief sought by plaintiff in the Complaint is barred by the doctrines of waiver, estoppel, unclean hands and laches.

## FOR AN SEVENTH DEEFNSE

16.     Defendant pleads the doctrines of mitigation of damages and/or avoidable consequences as to limit any potential recovery under the allegations of the Complaint.

## FOR A EIGHTH DEEFNSE

17.     Because plaintiff's Complaint is phrased in conclusory terms, defendant cannot fully anticipate all defenses which may be applicable to this action.  Accordingly, the right to assert additional defenses, whether arising under statutory or common law, to the extent such defenses are applicable, is hereby reserved.

## FOR A NINTH DEFENSE AND BY WAY OF COUNTERCLAIM
### (Breach of Relocation Contract)

18.     Defendant offered to pay certain relocation costs for plaintiff's relocation from New Mexico to Tennessee pursuant to its relocation policy.

19.     Effective July 2, 2008, Defendant paid certain relocation costs for plaintiff and others in relation to her move from New Mexico to Tennessee.

20.     Plaintiff entered into a binding contractual obligation with Defendant to repay such relocation costs incurred or paid on her behalf should her employment be terminated for cause within 12 months of her transfer date.

21.     Defendant incurred Fifty Four Thousand Seven Hundred and Sixty One Thousand and Six Cents ($54,761.06) in relocation expenses on behalf of Plaintiff.

22.     Defendant has fully complied with its contractual obligations.

23.     Plaintiff's employment was terminated for cause.

24.     Defendant has demanded payment of such amounts owed.

25.     Plaintiff has refused to make any payments to Defendant.

26.     Plaintiff has breached her contractual obligations to Defendant.

27.     Defendant is entitled to the full amount owed by Plaintiff including interest, costs and fees incurred in collecting such amounts owed due to Plaintiff's breach of her contractual obligations.

## FOR AN TENTH DEFENSE AND BY WAY OF COUNTERCLAIM
### (Breach of Two Promissory Notes)

28.     Plaintiff entered into two Equity Loan Agreements and Promissory Notes with Cornerstone Relocation Group, LLC in conjunction with her employment and relocation from New Mexico to Tennessee for such employment.

29.     One promissory note is in the amount of Thirty-Four Thousand Dollars and No Cents ($34,000.00.)

30.     The second promissory note is in the amount of Twenty-Six Thousand Dollars and No Cents ($26,000.00.)

31.     Each note was entered into effective July 29, 2008.

32. Each note creates a binding contractual obligation on behalf of Plaintiff to repay the monies owed pursuant to the terms of the promissory notes.

33. Defendant assumed from Cornerstone Relocation Group, LLC the contractual rights and obligations of the two Equity Loan Agreements and Promissory Notes.

34. Defendant incurred Sixty Thousand Dollars and No Cents ($60,000.00) in costs on behalf of Plaintiff.

35. Defendant has fully complied with its contractual obligations.

36. Defendant has demanded payment of the amounts owed.

37. Plaintiff has refused to make repayment to Defendant.

38. Plaintiff has breached her contractual obligations to Defendant.

39. Defendant is entitled to the full amount owed by Plaintiff including interest, costs and fees incurred in collecting such amounts owed due to Plaintiff's breach of her contractual obligations.

## FOR A ELEVENTH DEFENSE AND BY WAY OF COUNTERCLAIM
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

40. Defendant reiterates and incorporates herein by reference all of the foregoing allegations set forth in Paragraphs 19 – 40 of the Answer.

41. Plaintiff and Defendant had valid contractual agreements.

42. Defendant fully complied with its contractual obligations.

44. Plaintiff has failed to fulfill her contractual obligations.

43. Plaintiff has converted the monies advanced by Defendant, converted the money to her own use and then subsequently has failed and refused to return the monies owed to Defendant.

44.     Plaintiff has acted in such a manner as to injure Defendant's right to receive the benefits of the parties' agreements.

45.     Plaintiff's conduct was a violation of the implied covenant of good faith and fair dealing between the parties, and Plaintiff is liable to Defendant for damages resulting from her breach of the covenant of good faith and fair dealing.

## FOR A TWELFTH DEFENSE AND BY WAY OF COUNTERCLAIM
### (Conversion)

46.     Defendant adopts the allegations of Paragraphs 19 – 40 herein and incorporates them by reference as if stated verbatim.

47.     Plaintiff assumed and exercised the right of ownership of goods, chattels and money belonging to and owned by Defendant.

48.     Plaintiff's assumption and exercise of control over Defendant's property outside the terms of the contractual obligations was unauthorized, wrongful and illegal.

49.     Plaintiff has altered the condition of and excluded this property and money from Defendant's valid ownership rights and possession.

50.     Plaintiff's action in converting Defendant's property is willful, wanton and malicious, justifying an award of compensatory and punitive damages.

## FOR A THIRTEENTH DEFENSE AND BY WAY OF COUNTERLCIAM

51.     Defendant adopts the allegations of Paragraphs 19 – 40 herein and incorporates them by reference as if stated verbatim.

52.     Defendant conferred a benefit upon Plaintiff believing that Plaintiff would uphold her representations as to repayment of the amounts advanced to her.

53.     Plaintiff appreciated and, due to the large amount of the payments provided to her or on her behalf, was aware of the benefit conferred upon her.

54.     The retention of the benefit, the money, by Plaintiff under such circumstances makes it inequitable for her to retain the benefit without the repayment of its value.

55.     Plaintiff is liable to Defendant for damages resulting from her unlawful retention of Defendant's property, including but not limited to the return of the money conferred to her.

**FOR A FOURTEENTH DFENSE AND BY WAY OF COUNTERCLAIM**
**(Breach of Fiduciary Duty / Constructive Fraud)**

57.     Defendant adopts the allegations of Paragraphs 19 – 40 herein and incorporates them by reference as if stated verbatim.

58.     A relationship of trust and confidence existed between Plaintiff and Defendant.  Plaintiff took advantage of the trust and confidence reposed in her by Defendant to harm Defendant.

59.     Due to Plaintiff's breach of her fiduciary duty, Defendant has suffered damages, and Plaintiff is liable to Defendant for those damages.

**FOR A FIFTEENTH DEFENSE AND BY WAY OF COUNTERCLAIM**
**(Fraud)**

60.     Defendant adopts the allegations of Paragraphs 19 – 40 herein and incorporates them by reference as if stated verbatim.

61.     Plaintiff knowingly, deliberately and intentionally failed to return Defendant's property.

62.     Plaintiff deliberately and intentionally engaged in a scheme or plan to deceive and deny Defendant access to and return of its property.

63. Plaintiff's failure to return Defendant's property and scheme to convert and dispose of the money was reasonably calculated to deceive and harm Defendant.

64. Defendant was in fact deceived and relied on Plaintiff's representations and promises that she would repay the amounts advanced to her and paid on her behalf.

65. Defendant suffered damages as a result of Plaintiff's tortious willful deceit and conduct.

## FOR AN SIXTEENTH DEFENSE AND BY WAY OF COUNTERCLAIM
### (Constructive Trust)

66. Defendant adopts the allegations of Paragraphs 19 – 40 herein and incorporates them by reference as if stated verbatim.

67. A constructive trust was created by operation of law as a result of Defendant's payments to Plaintiff.

68. Plaintiff owed a special duty to Defendant to conserve the funds in the constructive trust and otherwise had a special relationship towards Defendant.

69. Plaintiff violated the duties she owed to Defendant by failing to repay the monies when her employment ended.

70. Plaintiff violated the duties she owed to Defendant by converting and using for her own personal gain the money paid her by Defendant.

71. Plaintiff obtained real properties, personal property and securities in violation of the trust relationship.

72. Plaintiff's retention of such properties or assets is under circumstances making it inequitable for her to continue holding such items. Plaintiff is liable to Defendant for her violation of the trust between the parties, including but not limited to the disgorgement of money and properties she obtained in violation of this trust.

**WHEREFORE,** Defendant respectfully requests relief as follows:

a.      Return of all monies, with interest, that Plaintiff improperly kept, said sum being One Hundred Fourteen Thousand Six Hundred Sixty-One Dollars and Six Cents ($114,761.06);

b.      Actual damages in an amount to be determined at trial;

c.      Punitive damages in an amount to be determined at trial;

d.      Pre-trial and post-trial interest;

e.      Attorneys' fees, expert witness fees, and costs; and

f.      Such other and further relief as the Court may deem appropriate.

Having fully answered the Complaint, Defendant prays that the Court dismiss plaintiff's Complaint with prejudice and award to Defendant its costs and such other relief as the Court may deem just and equitable.  Defendant asks that the Court grant the legal and equitable relief sought in each specific counterclaim, and that the Court award Defendant such other and further relief as the Court should deem just and proper for such counterclaims.

Respectfully submitted,

By: s/ Ingrid Blackwelder Erwin_____
Ingrid Blackwelder Erwin (TN BPR #106961)
Email: erwini@jacksonlewis.com

JACKSON LEWIS LLP
One Liberty Square
55 Beattie Place, Suite 800
Greenville, South Carolina 29601
T:  (864) 232-7000
F:  (864)235-1381

ATTORNEYS FOR DEFENDANT

This 21st day of September, 2009

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that DEFENDANT'S ANSWER was served on counsel for Plaintiff by causing a copy of same to be delivered by the ECF/CM filing system on this 21st day of September, 2009, as set forth below:

J. Timothy Bobo
RIDENOUR & RIDENOUR
108 South Main Street
P.O. Box 530
Clinton, TN 37717-0530

Joseph R. Ford
ARNOLD, FORD & NICHOLS
501 Mulberry Street
P.O. Box 905
Loudon, TN 37774

s/ Ingrid Blackwelder Erwin
Ingrid Blackwelder Erwin