UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MICHELLE AGUILAR,                              )
                                               )
        Plaintiff/Counter Defendant,           )
                                               )    No. 3:09-CV-406
                                               )    (PHILLIPS/GUYTON)
V.                                             )
                                               )
HUBBELL LENOIR CITY, INC.,                     )
                                               )
        Defendant/Counter Claimant.            )

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 38] referring the Defendant's Motion for Summary Judgment [Doc. 36] to the undersigned for report and recommendation.

**I.    BACKGROUND**

The Plaintiff Michelle Aguilar ("Ms. Aguilar") filed this action in the Circuit Court for Loudon County, Tennessee, on August 6, 2009, alleging retaliatory discharge against the Defendant Hubbell Lenoir City, Inc., ("Hubbell"). On September 14, 2009, Hubbell removed this action to federal court. [Doc. 1]. On September 21, 2009, Hubbell filed its Answer to Complaint and Counterclaims [Doc. 3], which alleged counterclaims for breach of relocation contract, breach of two promissory notes, breach of implied covenant of good faith and fair dealing, conversion, unlawful retention of property, breach of fiduciary duty, constructive fraud, fraud, and constructive trust. [Doc. 3 at 3-9].

On October 13, 2010, the Court granted counsel for the Plaintiff's Motion to Withdraw [Doc. 14], noting that counsel had a break-down in communications between Ms. Aguilar and her attorneys. [Doc. 19 at 1-2]. The Court explained in its order that counsel "stated that he had discussed the counterclaim with the Plaintiff when it was filed and confirmed that she knew a counterclaim had been brought against her." [Doc. 19 at 2].

Throughout the Spring of 2011, the Court addressed Ms. Aguilar's failure to respond to discovery. On March 23, 2011, the Court granted the Hubbell's Motion to Compel, awarded costs in its favor, and directed:

> All Requests to Admit are **DEEMED ADMITTED**, and the Plaintiff is **HEREBY DEEMED** to have waived any objections to the pending interrogatories and requests for production. The Plaintiff **SHALL RESPOND** to the written discovery served by the Defendant on or before **April 4, 2011**. Finally, the Plaintiff is **HEREBY ADMONISHED** that failure to comply with this order may be treated as contempt of court, and may result in further just orders designating facts as established, striking pleadings, dismissing this action, or invoking any of the other remedies afforded under Rule 37(b).

[Doc. 26 at 2-3].

Ms. Aguilar did not respond to the written discovery as directed by the Court, and on April 13, 2011, the Court ordered that Hubbell be awarded $1,794.00 in costs, representing the fees it incurred in addressing these discovery disputes. [Doc. 29].

On May 26, 2011, Hubbell filed the instant motion moving the Court to grant summary judgment in its favor with respect to its counterclaims for breach of relocation contract, breach of two promissory notes, breach of the implied covenant of good faith and fair dealing, and conversion. [Doc. 36 at 1]. The Defendant requests that the Court enter a judgment against Ms. Aguilar in the amount of $114,761.06, along with an award of fees and costs, pre and post-judgment interest, and

2

any further relief that the Court deems appropriate. [Doc. 36 at 1].

Ms. Aguilar has not responded to Hubbell's Motion for Summary Judgment, and the time for doing so has expired, see E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E).

## II.   UNDISPUTED MATERIAL FACTS

Ms. Aguilar has not timely responded to Hubbell's Motion for Summary Judgment. Pursuant to Local Rule 7.1, this failure to respond may be treated as acquiescence to the relief sought. E.D. Tenn. L.R. 7.2. Based upon Ms. Aguilar's failure to respond and the Court's previous finding that the requests to admit served upon Ms. Aguilar would be deemed admitted, the Court finds that the undisputed material facts in this matter are as follows.

Ms. Aguilar was hired by Defendant as the Human Resources Director on June 2, 2008. In conjunction with her employment, Ms. Aguilar entered into an Employee Repayment Agreement for Relocation Expenses with Hubbell on May 27, 2008, [Doc. 37-1 at 9]. Pursuant to this agreement, Hubbell spent a total of $54,761.06[1] on Plaintiff's relocation to Tennessee. All of these costs were initially paid by Cornerstone Relocation Group as the intermediary between Hubbell and Plaintiff, and those costs were either paid directly to Plaintiff or the vendors who provided the services. Cornerstone Relocation Group subsequently invoiced Hubbell for those expenses, and Hubbell paid those amounts to Cornerstone Relocation Group.

As set forth the Employee Repayment Agreement, Ms. Aguilar agreed to reimburse Hubbell for all relocation expenses incurred or paid on her behalf if her employment was terminated within

---

[1] Hubbell ultimately incurred $55,628.05 in relocation costs. [see Doc. 37-3 at 3]. For purposes of this motion, Hubbell seeks the amount identified in its Counterclaims and the amount Plaintiff concedes is due, which is $54,761.06. [Doc. 37 at 6, n. 6].

3

twelve months of her transfer date. Ms. Aguilar's employment with Hubbell was terminated on October 31, 2008, within twelve months of her transfer date. Ms. Aguilar has not repaid Hubbell the amounts incurred or paid on her behalf as relocation expenses.

Ms. Aguilar also signed an Equity Loan Agreement and Promissory Note on July 29, 2008. [Doc. 37-1 at 11]. Pursuant to the Equity Loan Agreement and Promissory Note, Ms. Aguilar received an equity advance loan of $34,000, from Cornerstone Relocation Group. Ms. Aguilar has not repaid any portion of the proceeds of the Equity Loan Agreement and Promissory Note for $34,000.

Ms. Aguilar signed a second Equity Loan Agreement and Promissory Note on July 29, 2008. [Doc. 37-1 at 15]. Pursuant to the Equity Loan Agreement and Promissory Note, Ms. Aguilar received an equity advance loan of $26,000, from Cornerstone Relocation Group. Ms. Aguilar has not repaid any portion of the proceeds of the Equity Loan Agreement and Promissory Note for $26,000.

Hubbell paid Cornerstone Relocation Group the $60,000 that was advanced to Ms. Aguilar in these transactions. Thus, Ms. Aguilar owes Hubbell the $54,761.06 in relocation expenses discussed above, and she also owes Hubbell $60,000 ,for the two equity loans. Ms. Aguilar owes Hubbell $114,761.06, in expenses and loans related to her relocation.

Defendant Hubbell has not received any repayment of any amounts owed by Ms. Aguilar to Defendant despite making demand for such repayment.

4

Case 3:09-cv-00406-TWP-HBG   Document 39   Filed 06/22/11   Page 4 of 8   PageID #: 340

## III. ANALYSIS

Hubbell moves the Court to grant summary judgment in its favor with respect to its counterclaims for breach of relocation contract, breach of two promissory notes, breach of the implied covenant of good faith and fair dealing, and conversation.

### A. Counterclaims for Breach of Contract

To prevail on its breach of contract counterclaims, Hubbell must show: (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages. C&W Asset Acquisition, LLC v. Oggs, 230 S.W.3d 671, 676-677 (Tenn. Ct. App. 2007).

In this case, the Court finds that no genuine issue of material facts exists as to the breach of contract counterclaims. There is no dispute that contracts exist between the parties. There is no dispute that Plaintiff failed to repay the amounts owed to Hubbell pursuant to the contracts. There is no dispute that Hubbell has suffered damages and is owed $114,761.06 from Plaintiff.

The Court finds that Hubbell is entitled to judgment against Ms. Aguilar as a matter of law on its counterclaims for breach of contract, because: there was an enforceable contract between Ms. Aguilar and Hubbell; Ms. Aguilar's nonperformance amounted to a breach of the contract; Hubbell has incurred $114,761.06 in damages as a result of Ms. Aguilar's nonperformance.

Accordingly, the Court finds that no genuine issue of material facts exists and Hubbell is entitled to judgment against Ms. Aguilar as a matter of law on its counterclaims for breach of the Employee Repayment Agreement for Relocation Expenses and breach of the two Equity Loan Agreements and Promissory Notes. The undersigned will **RECOMMEND** that Hubbell's request for summary judgment in its favor on these claims be **GRANTED**.

5

**B.     Conversion and Breach of the Implied Covenant of Good Faith and Fair Dealing**

Hubbell also requests that the Court grant summary judgment in its favor on its claims for conversion and breach of the implied covenant of good faith and fair dealing. While there is no genuine issue of material fact outstanding in regards to these claims, the Court finds that summary judgment on these claims is not appropriate because the Court cannot find that Hubbell is entitled to judgment as a matter of law on these claims.

To prove conversion, a plaintiff must demonstrate: (1) the appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights. Kinnard v. Shoney's, Inc., 100 F. Supp. 2d 781, 797 (M.D. Tenn. 2000).

Hubbell cites the Court to the fact that Ms. Aguilar has admitted, through unanswered requests for admission, that she owes Hubbell $114,761.06. [Doc. 37 at 10]. Hubbell notes that Ms. Aguilar has not made any effort to repay this money and alleges that by "continuing to retain property that is lawfully owed to [Hubbell, Ms. Aguilar] has converted the monies owed to the Defendant." [Doc. 37 at 10]. While the Court is satisfied that Hubbell has demonstrated the appropriation element of conversion, Hubbell's brief argument has not demonstrated either the intent or defiance elements of conversion. Therefore, the Court cannot find that Hubbell is entitled to judgment as a matter of law on its claim for conversion.

The Court also finds that Hubbell's request for judgment in its favor on its claim for breach of the implied covenant of good faith and fair dealing is not well-taken. Under Tennessee case law, "'[b]reach of the implied covenant of good faith and fair dealing is not an independent basis for relief,' but rather [it] 'may be an element or circumstance of recognized torts, or breaches of contracts.'" Duke v. Browning-Ferris Ind. of Tenn., Inc., 2006 WL 1491547, at *9 (Tenn .Ct. App.

6

2006) (quoting <u>Solomon v. First Nat'l Bank</u>, 774 S.W.2d 935, 945 (Tenn. Ct. App. 1989)).

Hubbell acknowledges that breach of the implied covenant of good faith and fair dealing is not an independent basis for relief. However, it maintains that Ms. Aguilar's "actions in failing to repay amounts owed is contrary to [its] reasonable expectations and rights." [Doc. 37 at 9]. The Court declines to find a cause of action where Tennessee courts, interpreting Tennessee law, have not done so. Therefore, the Court will not find that Hubbell is entitled to judgment as a matter of law on its claim for breach of the implied covenant of good faith and fair dealing.

Based upon the foregoing, the undersigned will **RECOMMEND** that Hubbell's request for summary judgment on its claims for conversion and breach of the implied covenant of good faith and fair dealing be **DENIED**.

C. **Pre-Judgment and Post-Judgment Interest**

Finally, Hubbell has requested pre-judgment and post-judgment interest. Hubbell provided no support for this request. Hubbell has not submitted any interest calculations to the Court, nor has it provided the Court with any evidence of what a reasonable interest rate and time period for calculating the interest owed would be. The Court is not in a position to calculate interest on the monies owed to Hubbell.

Accordingly, the undersigned will **RECOMMEND** that Hubbell's request for pre-judgment and post-judgment interest be **DENIED WITHOUT PREJUDICE** to Hubbell's right to raise said request as part of a final judgment in this matter should the District Judge proceed to enter judgment based on this Report and Recommendation.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[2] that Hubbell's Motion for Summary Judgment **[Doc. 36]** be **GRANTED IN PART** and **DENIED IN PART**. The undersigned **RECOMMENDS** that Court order that a judgment for **$116,555.06** – representing $114,761.06, in damages caused by Ms. Aguilar's breach of contract, plus the $1,794.00, previously ordered as discovery sanctions, [see Doc. 29]. Finally, the Court **RECOMMENDS** that Hubbell's requests for pre-judgment and post-judgment interest be **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).