UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHELLE AGUILAR, ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | No. 3:09-CV-406 |
| ) | (PHILLIPS/GUYTON) |
| V. ) | |
| ) | |
| HUBBELL LENOIR CITY, INC., ) | |
| ) | |
| Defendant/Counter Claimant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 38] referring the Defendant's Motion to Dismiss for Plaintiff's Failure to Prosecute, or in the Alternative, Failure to Comply with Discovery Order [Doc. 34] to the undersigned for report and recommendation.[1]

**I.    BACKGROUND**

The Plaintiff Michelle Aguilar ("Ms. Aguilar") filed this action in the Circuit Court for Loudon County, Tennessee, on August 6, 2009, alleging retaliatory discharge against the Defendant Hubbell Lenoir City, Inc., ("Hubbell"). On September 14, 2009, Hubbell removed this action to federal court. [Doc. 1]. On September 21, 2009, Hubbell filed its Answer to Complaint and Counterclaims [Doc. 3].

---

[1] The Defendant's Motion for Summary Judgment [Doc. 36] was also referred to the undersigned, via oral referral. The undersigned entered a Report and Recommendation [Doc. 39], recommending that the Motion for Summary Judgment be granted on June 22, 2011.

The Court entered a scheduling order on April 20, 2010. [Doc. 6]. Hubbell served interrogatories and requests for production on Ms. Aguilar on May 5, 2010. Ms. Aguilar failed to respond to that discovery, and Hubbell subsequently filed a Motion to Compel[Doc. 8]. In response, Ms. Aguilar's counsel filed a Motion to Withdraw as Counsel [Docs. 9, 14]. In support of their request to withdraw, counsel submitted an Affidavit [Doc. 14-1], explaining that Ms. Aguilar was not communicating with her counsel or cooperating in efforts to respond to pending discovery.

On October 13, 2010, the Court granted counsel for Ms. Aguilar's Motion to Withdraw, noting a break-down in communications between Ms. Aguilar and her attorneys. [Doc. 19 at 1-2]. The Clerk of Court was directed to make note Ms. Aguilar was proceeding *pro se* and to note her last known contact information in the docket. [Doc. 19].

On November 3, 2010, Hubbell served interrogatories, requests for production and requests for admission to Ms. Aguilar but never received a response. A hearing was conducted on March 2, 2011, with the Court to address Ms. Aguilar's failure to respond to the discovery. [Doc. 22]. The Court provided Hubbell with leave to file a Motion to Compel with Request for Sanctions.

On March 11, 2011, Hubbell filed a Motion to Compel and for Sanctions. [Doc. 24]. On March 23, 2011, the Court granted the Hubbell's Motion to Compel, awarded costs in its favor, and directed:

> All Requests to Admit are **DEEMED ADMITTED**, and the Plaintiff is **HEREBY DEEMED** to have waived any objections to the pending interrogatories and requests for production. The Plaintiff **SHALL RESPOND** to the written discovery served by the Defendant on or before **April 4, 2011**. Finally, the Plaintiff is **HEREBY ADMONISHED** that failure to comply with this order may be treated as contempt of court, and may result in further just orders designating facts as established, striking pleadings, dismissing this action, or invoking any of the other remedies afforded under Rule 37(b).

2

[Doc. 26 at 2-3]. The Court ordered that the Ms. Aguilar respond to Hubbel's written discovery on or before April 4, 2011.

Ms. Aguilar did not respond to the written discovery as directed by the Court, and on April 13, 2011, the Court ordered that Hubbell be awarded $1,794.00, representing the fees and costs it incurred in addressing these discovery disputes. [Doc. 29].

On May 26, 2011, Hubbell filed the instant motion moving the Court to involuntarily dismiss the Ms. Aguilar's Complaint based upon her failure to prosecute, or in the alternative, her failure to comply with the Court's orders. Ms. Aguilar has not responded to Hubbell's Motion to Dismiss for Plaintiff's Failure to Prosecute, or in the Alternative, Failure to Comply with Discovery Order, and the time for doing so has expired, see E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E).

**II.    ANALYSIS**

Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Federal Rule of Civil Procedure 37 provides that a court may dismiss an action, in whole or in part, for failure to comply with a discovery order. Fed.R.Civ.P. 37(b)(2)(A)(v).

While the United States Court of Appeals for the Sixth Circuit has found dismissal to be a "sanction of last resort[,]" Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 552 (6th Cir.1994), the Court of Appeals has recognized that dismissal is an appropriate sanction in certain circumstances. In determining whether to dismiss an action for failure to cooperate with discovery under Rule 37, a court should consider (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been

3

warned that his or her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. Doe v. Lexington–Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005.

Applying the factors identified above to the instant case, the Court first finds that the Ms. Aguilar has been at least willful in her failure to participate in this case. The Affidavit of Jospeh R. Ford, Ms. Aguilar's former attorney, represents that from the inception of this case until July 2010, Ms. Aguilar was responsive and engaged in this case. [Doc. 14-1 at 1]. In mid-July 2010, Ms. Aguilar was to travel from Dallas, Texas, to Knoxville, Tennessee, to attend an independent medical examination and to give her deposition. Ms. Aguilar did not show-up for either of these appointments, and she did not return numerous phone calls from counsel. From that time forward, Ms. Aguilar has wholly failed to participate in this litigation.

The Court has served numerous notices on Ms. Aguilar, both by mail and via email. Nonetheless, Ms. Aguilar has not responded to these notices, appeared on her behalf, or fulfilled her discovery obligations or other obligations in this litigation. The Court finds that Ms. Aguilar is aware of the suit filed on her behalf, yet she has chosen not to participate in this matter. Instead, she has willfully disregarded the orders of the Court. This willful failure to participate weighs in favor of dismissing this action.

The Court further finds that Hubbell has been prejudiced by the Ms. Aguilar's discovery violation. This case has been pending before the Court for almost two years, but for the last year, all activity in this case has revolved around Ms. Aguilar's failure to participate in this matter. The Defendant has expended considerable resources responding to Ms. Aguilar's attorneys' request to withdraw and attempting to secure discovery responses from Ms. Aguilar. Due to Ms. Aguilar's

4

continued failure to comply with the Court's orders, Hubbell would be forced to prepare a defense of the claims brought against it, without the benefit of any discovery from Ms. Aguilar. The Court finds Ms. Aguilar's actions have prejudiced Hubbell, and this prejudice weighs in favor of dismissing this action.

The Court also finds that Ms. Aguilar has been warned that her conduct could lead to extreme sanctions. The Court stated specifically that failure to comply with its Order [Doc. 26], compelling production, could result in dismissal of this action. As noted by the Clerk of Court, a copy of this order was mailed to Michelle Aguilar, at her last known address, on March 23, 2011. This mailing has not been returned to the Clerk of Court. The Court finds that Ms. Aguilar has been explicitly warned that failure to participate in this case and not heeding this Court's orders could result in dismissal of the action. The Court finds this warning weighs in favor of dismissing this action.

Finally, the Court finds that less drastic sanctions were previously imposed, and such sanctions were ineffective. On April 13, 2011, the Court entered an Order [Doc. 29], directing Ms. Aguilar to pay Hubbell $1,794.00, representing fees and costs Hubbell expended in attempting to compel Ms. Aguilar to participate in discovery. This sanction has not motivated Ms. Aguilar to participate in this case. Lesser sanctions imposed in this matter have been ineffective, and the Court finds that Ms. Aguilar's lack of response to less drastic sanctions weighs in favor of dismissing this action.

Based upon the foregoing, the Court finds that dismissal of the Ms. Aguilar's Complaint is appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, because Ms. Aguilar has failed to comply with the Federal Rules of Civil Procedure and has failed to comply with the orders of this Court. In addition, the Court finds that dismissal of the Complaint is also appropriate

5

pursuant to Rule 37 of the Federal Rules of Civil Procedure, because Ms. Aguilar has failed to comply with the discovery orders of this Court.

III.     **CONCLUSION**

After considering Hubbell's request, Ms. Aguilar's failure to respond, and the history of this case, the undersigned **RECOMMENDS**[2] that the Defendant's Motion to Dismiss for Plaintiff's Failure to Prosecute, or in the Alternative, Failure to Comply with Discovery Order **[Doc. 34]** be **GRANTED**, and Ms. Aguilar's claims be **DISMISSED**.

                                                Respectfully Submitted,

                                                s/ H. Bruce Guyton
                                              United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).