# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

MICHELLE AGUILAR,                    )
      **Plaintiff,**                )
                                   )    **No. 3:09-cv-406**
**v.**                                )    **(Phillips)**
                                   )
HUBBELL LENOIR CITY, INC.,            )
      **Defendant.**                )

## FINAL JUDGMENT ORDER

### I.      Introduction

This matter comes before the Court on Defendant Hubbell Lenoir City, Inc.'s Motion to Dismiss Defendant's Remaining Counterclaims Without Prejudice, [Doc. 43], wherein Defendant requests that the Court dismiss without prejudice all remaining counterclaims in this case and enter final judgment on behalf of Defendant in the amount of $116,555.06.

Plaintiff filed this retaliatory discharge action in Circuit Court in Loudon County, Tennessee on August 6, 2009. [Doc. 1.] Defendant timely removed the action to this Court on September 11, 2009. *Id.* On September 21, 2009, Defendant filed its Answer to Plaintiff's Complaint and asserted counterclaims against Plaintiff for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, breach of fiduciary duty, fraud, and constructive trust. [Doc. 3.] On October 14, 2009, Plaintiff filed her Answer to Defendant's counterclaims. [Doc. 5.]

The Court entered a Scheduling Order on April 20, 2010. Defendant served interrogatories and requests for production on Plaintiff on May 5, 2010. Plaintiff failed to respond to that discovery, and Defendant filed a Motion to Compel [Doc. 8.] In response, Plaintiff's counsel filed a Motion to Withdraw as Counsel, alleging that Plaintiff was not communicating with her

counsel or cooperating in efforts to respond to pending discovery. [Doc. 14.] On October 13, 2010, the Court granted Plaintiff's counsel's motion to withdraw and Plaintiff began proceeding as a pro se litigant in this matter. [Doc. 19.] Her last known contact information was provided to the Court. *Id.* Despite Defendant's multiple attempts to contact Plaintiff, and despite Plaintiff's receiving notice of a telephone conference and copies of the multiple motions and orders detailed below, Plaintiff has not entered an appearance or participated in this case since her counsel's withdrawal.

On March 11, 2011, Defendant filed a Motion to Compel and for Sanctions. [Doc. 24.] By order on March 23, 2011, the Court granted Defendant's motion, instructed Plaintiff to respond to Defendant's interrogatories and requests for production by April 4, 2011, and admonished Plaintiff that failure to comply with the Order may be "treated a contempt of court, and may result in further just orders designating facts established, striking pleadings, dismissing this action or invoking any of the other remedies afforded under Rule 37(b)." [Doc. 26.]

On May 26, 2011, Defendant filed a Motion to Dismiss for Plaintiff's Failure to Prosecute, or in the Alternative, Failure to Comply with Discovery Order. [Doc. 34.] The Court granted such motion on September 16, 2011, therein dismissing all of Plaintiff's claims against Defendant. [Doc. 41.] On May 26, 2011, Defendant also filed a Motion for Summary Judgment as to its counterclaims against Plaintiff. [Doc. 36.] On September 16, 2011, the Court granted summary judgment to Defendant on its counterclaims for breach of contract, but denied summary judgment on Defendant's counterclaims for conversion and breach of the implied covenants of good faith and fair dealing, as well as Defendant's request for pre- and post-judgment interest. [Doc. 42.] The Order awarded Defendant the sum of $116,555.06, representing $114,761.06 in damages plus $1,794.00

previously awarded to Defendant as the discovery sanction on Plaintiff. *Id.* Defendant filed the instant motion to dismiss its remaining counterclaims on May 10, 2012. [Doc. 43.]

## II.     Analysis

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that when an answer or a motion for summary judgment has been served, and not all of the parties who have appeared will stipulate to dismissal, claims may be dismissed "only by court order, on terms that the court considers proper." Unless a court's order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *Id.* Rule 41(a)(2) applies with equal force to "a dismissal of any counterclaim, crossclaim, or third-party claim." Fed. R. Civ. P. 41(c).

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "The purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." *Jones v. W. Reserve Transit Auth.*, 455 Fed. App'x 640, 643 (6th Cir. 2012) (citing *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009)). In determining whether a nonmovant would be unfairly treated, a district court must look to whether the nonmovant would suffer "'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718 (citing *Cone v. W.V. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int's, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)).In assessing "plain legal prejudice," the court considers "the [nonmovant's] effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the [movant] in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a

-3-

motion for summary judgment has been filed by the [nonmovant]." *Jones*, 455 Fed. App'x at 643 (citing *Grover*, 33 F.3d at 718). "These factors are not an 'exclusive or mandatory list,' and district courts need not analyze each factor or limit its consideration to these factors alone." *Wakerley v. Billings*, 2011 WL 5826028, *2 (E.D. Tenn. Nov. 18, 2011) (quoting *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. App'x 498, 502 (6th Cir. 2007)).

Although Plaintiff has failed to challenge Defendant's request for voluntary dismissal, the Court finds it appropriate to consider the four factors to determine whether Plaintiff will suffer "plain legal prejudice" as a result of the dismissal of Defendant's counterclaims without prejudice. It is evident that Plaintiff expended little effort in preparing for trial, as she has not entered an appearance or participated in this case since the fall of 2010. Though this case has been pending for almost three years, Plaintiff's failure to participate in discovery left this litigation "still in its infancy." *Comm. Cent. Bank v. Mortgage Now, Inc.*, 2012 WL 882892, *2 (E.D. Mich. Mar. 14, 2012) ("[T]he case has not yet concluded discovery, let alone approached trial. Thus, significant funds have not been expended in defending against the Counter Complaint and Third Party Complaint which would contribute to a finding of plain legal prejudice if the case were dismissed."). *See also Maldonado v. Thomas M. Cooley Law School*, 65 Fed. App'x 955, 957 (6th Cir. 2003) (affirming a denial of a Rule 41(a)(2) motion to dismiss that was filed when "discovery in this matter was closed . . . [and] defendants were almost certain to move for summary judgment"). Plaintiff's failure to respond to Defendant's multiple motions—including a Motion to Compel and for Sanctions [Doc. 24], a Motion to Dismiss [Doc. 34], and a Motion for Summary Judgment [Doc. 36]—further suggests that Plaintiff has not been dilatory in engaging in discovery, preparing her

-4-

case, or defending against Defendant's counterclaims. *See Rosenthal*, 217 Fed. App'x at 502. Plaintiff never filed a motion to dismiss or a motion for summary judgment in this action.

Conversely, Defendant has been diligent in defending against Plaintiff's claims and prosecuting its counterclaims; since the filing of this action in state court in 2009, Defendant has timely litigated this action and diligently attempted to contact Plaintiff regarding her failure to participate in discovery. *See* [Doc. 24]. Defendant exhibited no bad faith in filing multiple motions to bring this action to a conclusion. Finally, there is sufficient reason for Defendant to request dismissal of its counterclaims, as dismissal serves Defendant's interest in obtaining an enforceable final judgment in this case and the Court's interest in resolving its cases in a timely manner.

## III. Conclusion

For the reasons contained herein, the Court finds that Plaintiff will not suffer "plain legal prejudice" as a result of the dismissal of Defendant's counterclaims. It is **ORDERED** that Defendant's motion to dismiss [Doc. 43] is **GRANTED**, whereby Defendant's remaining counterclaims for conversion and breach of the implied covenants of good faith and fair dealing are **DISMISSED WITHOUT PREJUDICE**. All outstanding matters having been resolved, it is further **ORDERED** that final judgment in this action on behalf of Defendant in the amount of $116,555.06 is **ENTERED**.

**IT IS SO ORDERED.**

**ENTER:**

ENTERED AS A JUDGMENT
s/ *Debra C. Poplin*
CLERK OF COURT

_____s/ Thomas W. Phillips_____
United States District Judge